# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| LUCAS ANTONIO ROQUE,<br><br>                 Plaintiff,<br>   v.<br>EMILIA BARDINI, et al.,<br>                 Defendants.<br>_____/ | No. C 10-3242 MEJ<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF**<br><br>**(Docket #6)** |

Before the Court is Plaintiff Lucas Roque's Emergency Motion for Administrative Relief, filed August 27, 2010. (Dkt. #6.) In his motion, Plaintiff requests that the Court stay the execution of a February 14, 1989 deportation order against him. Defendants have filed an Opposition, (Dkt. #10), to which Plaintiff has filed a Reply (Dkt. #13.) Upon review of the parties' submissions, the Court hereby DENIES Plaintiff's motion for the reasons set forth in Defendant's opposition.

First, 8 U.S.C. § 1252(g) bars judicial review of "any cause or claim . . . arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien. . . ." Accordingly, it is clear that the Court lacks jurisdiction over Plaintiff's challenge to the deportation order because it "arise[s] from" an "action" or a "proceeding" brought in connection with Plaintiff's removal, or from "the decision or action" to "execute removal orders against" him. *See De Leon v. Napolitano,* 2009 WL 4823358, at *3 (N.D. Cal. 2009)[1]; *Barapind v. Reno*, 225 F.3d 1100, 1110 (9th Cir. 2000) ("We also need not consider whether § 1252(g) forecloses our ability to

---

[1] In *De Leon*, the Honorable James Ware originally granted the plaintiff's motion for stay of execution of removal order, in order to allow him to rule on the merits of Petitioner's claims. *De Leon v. Napolitano*, C-09-3664 JW, Dkt. #8 at 2:4-5. However, that stay was based on the government's failure to oppose the motion to stay, and Judge Ware later determined that the Court was without jurisdiction to stay the deportation pursuant to § 1252(g).

determine whether the [the Board of Immigration Appeals (BIA)] decision to stay asylum proceedings was proper because the BIA's stay order implicates a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."); *Fedorca v. Perryman*, 197 F.3d 236, 240 (7th Cir. 1999) ("Fedorca seeks as relief only a stay of deportation pending his appeal to the BIA – or in other words, review of the decision to execute his deportation, which is barred by § 1252(g)).

Second, an outstanding deportation order for Plaintiff remains the heart of the issue here, and the immigration court's purview over matters pertaining to that order deprive this Court of jurisdiction. The means by which Plaintiff can pursue the asylum he initially sought in the application that resulted in the outstanding deportation order is to file a motion to reopen proceedings before the immigration court that issued the deportation order. 8 C.F.R. § 1003.23(b)(4)(ii), (iii); 8 U.S.C. § 1229a(b)(5)(c).

Accordingly, the Court hereby DENIES Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: September 2, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge